Merrimack,  ⎱
March 4, 1913. ⎰

### CHARLES H. HARDY   *v.*   MANCHESTER STREET RAILWAY.

Evidence that the defendant in an action for negligence could and the plaintiff could not have avoided an accident by the exercise of ordinary care warrants a submission of the issue of liability to the jury under the doctrine of the last clear chance.

Certain evidence deemed sufficient to warrant a finding that the plaintiff in an action for negligence was induced to execute a release through reliance upon misstatements of the defendant's physician as to the extent of the injuries for which recovery is sought.

CASE, for negligence.   Trial by jury and verdict for the plaintiff. In addition to the general issue, the defendant set up a release. Transferred from the April term, 1912, of the superior court by *Plummer*, J., upon the defendant's exceptions to the submission to

the jury of the issues of a recovery under the last clear chance doctrine and of fraud in obtaining the release.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

PEASLEE, J.   The plaintiff's evidence tended to show that as he was crossing the defendant's double track on Elm street, Manchester, he was caught and squeezed between two cars which were moving in opposite directions.   He was crossing the street from east to west, and as he was about to go upon the southbound or westerly track a car approached so near that he thought it unsafe to attempt to cross ahead of it.   He therefore turned to the north to pass the car in the rear.   At about this time he saw the northbound car approaching upon the easterly track.   He thought the time insufficient to cross ahead of that and so stood close to the southbound car.   After he took this position he could not escape.   The northbound car was moving so slowly that it could have been stopped in going six feet, or between the time it was evident to the motorman that the plaintiff had abandoned the idea of crossing the track and the instant of the collision.   It was not stopped until it had gone much farther.   This evidence called for the instructions given upon the last clear chance doctrine.   If the facts were in accordance with the testimony, there came a time when the defendant could and the plaintiff could not avoid the accident by the exercise of ordinary care.

The release was given upon the assurance of a physician, employed by the defendant, that the plaintiff's injuries were slight and that no bones were broken.   It appeared from other testimony that several ribs were dislocated and that there was a depression of the chest which was plainly visible.   The doctor denied the existence of these conditions.   It is unnecessary to go further in the consideration of the case upon this exception.   There was in this evidence alone enough to warrant a finding that the physician misstated the plaintiff's condition to him and thereby induced the execution of the release.

*Exceptions   overruled.*

All concurred.